Kevin SHROYER, Petitioner,

v.

## PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1999.

Decided Dec. 21, 1999.

Kevin Shroyer, petitioner, pro se.

Mark E. Guzzi, Camp Hill, for respondent.

Before PELLEGRINI, J., FRIEDMAN, J., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Kevin Shroyer (Shroyer) petitions this Court to review an order of the Secretary of the Department of Corrections (Depart-

ment) of the Commonwealth of Pennsylvania assessing his prison account in the amount of $99,014 to reimburse the Commonwealth for damages he caused in a prison riot at the State Correctional Institution at Camp Hill (Camp Hill).

Shroyer is currently a prisoner at the State Correctional Institution in Somerset, Pennsylvania. On October 26, 1989, while serving his sentence at Camp Hill, Shroyer participated in a large prison riot at that institution. During the riot, Shroyer joined two other inmates in starting a fire in the basement of cell block C by setting aflame the files in the prison counselor's office and throwing burning rolls of toilet tissue into an empty classroom, causing heat and smoke to billow out into the surrounding cell blocks containing over 200 prisoners. Because the fire caused extensive damage to the building, the furnishings in the basement offices and to the belongings of the 247 inmates in the cell block, after a Department hearing examiner found Shroyer guilty of misconduct for his actions during the riot, a hearing was scheduled to determine the amount Shroyer's prison account should be assessed for his fair share of the damages caused by the fire.[1]

At the beginning of the hearing, Shroyer requested that another inmate aid him in the presentation of his case. The hearing examiner, however, finding that Shroyer "was not entitled to the assistance of another inmate" during the hearing, denied the request and the assessment hearing continued with Shroyer unaided. (January 8, 1997 hearing, Notes of Testimony, p. 8).

As to the amount of Shroyer's fair share of the damages incurred in cell block C

during the riot, Gregory Taluskie (Taluskie), the business manager for the State Correctional Institution at Somerset, testified for the Department. Relying on materials supplied by Camp Hill, Taluskie stated that as a result of the fire in cell block C, the Department incurred $308,831 in structural damage and $87,225 in contents damage which, when divided among the prisoners involved, resulted in Shroyer's fair share totaling $99,014. In response, Shroyer attempted to have numerous witnesses presented but his requests were denied by the hearing examiner who found their testimony would be irrelevant to the calculation of the assessment amount. Finding that there was substantial credible evidence establishing that Shroyer's fair share of the costs incurred by the Commonwealth as a result of the fire damage to cell block C was $99,014, the hearing examiner issued a recommended decision that the Secretary of the Department find that Shroyer's prison account should be assessed that value. On February 9, 1999, the Secretary of the Department adopted the hearing examiner's findings and issued an order assessing Shroyer's inmate account for $99,014. Shroyer now appeals that decision to this Court.

On appeal, Shroyer contends that, among other issues,[2] he is entitled to a new hearing because he was denied the assistance of a fellow inmate during the original assessment hearing. He argues that the denial of assistance was in contravention of Section C of a Department policy entitled "Assessment of Costs Resulting from Inmate Misconduct." Section C provides:

---

**1.** The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, added by Section 11 of the Act of November 26, 1997, P.L. 530, 71 P.S. § 310–4, gives the Department the authority to require an inmate to pay for financial loss or costs due to misconduct.

**2.** Shroyer also contends that his due process rights were violated because the hearing was not postponed so that he could subpoena the

individuals involved in the original investigation into the misconduct, the two other inmates involved, the individuals at Camp Hill who produced the assessment figures and a business manager from another prison institution. He also contends that there was insufficient evidence to establish the amount of damages. Because of the manner in which we have resolved this appeal, we need not consider those issues.

The inmate shall be permitted assistance at the Assessment Hearing from any staff member or any inmate in general population status.

In response, the Department contends that Shroyer was not seeking assistance but was seeking to be represented by the fellow inmate which only an attorney or the inmate himself can do under general administrative law principles.[3] While we agree that an inmate cannot be represented by another inmate at the assessment hearing, Shroyer did not asked to be represented but that was the characterization placed on his request by the hearing examiner. At the beginning of the hearing, the following colloquy occurred:

> Hearing Examiner: The parties who are present this morning, Mr. Greg Taluskie, is the business manager at the State Correctional Institution at Somerset where we are holding this hearing today. And Mr. Shroyer is here representing himself. Mr. Shroyer before I go on I understand that you are requesting representation this morning?
>
> Shroyer: Yes, sir.
>
> Hearing Examiner: And you are requesting representation by ---?
>
> Shroyer: By another inmate that works in the law library with myself, Harry Price, BQ–1383, is his number ... I would like for him to be able to come up and assist me.
>
> Hearing Examiner: And, Mr. Shroyer, I'm going to deny that request because the other inmate is not an attorney and therefore not in a position to argue matter of law in an adjudication hearing like this ... You are not entitled to the assistance of another inmate.

(January 8, 1997 hearing, Notes of Testimony pp. 7, 8).

**3.** See 1 Pa.Code §§ 31.21, 31.22.

**4.** Shroyer also contends that the Department violated his due process rights to a fair and impartial tribunal by allowing the hearing examiner to co-mingle the prosecutorial and adjudicative functions during the assessment hearing. See Lyness v. Commonwealth, State

As can be seen, it was the hearing examiner who began the dialogue by characterizing the request as one for "representation." However, in response to the hearing officer's question about representation, Shroyer stated that he wanted the inmate to "assist" him. Following that exchange, even the hearing examiner based his decision on a finding that an inmate cannot have the "assistance" of a fellow inmate during a hearing, a conclusion which is not in line with Section C of the Department policy allowing assistance. Consequently, because the Department policy provides that an inmate can be provided assistance from a fellow inmate, the hearing examiner erred in denying Shroyer's request for assistance from another inmate.[4]

Accordingly, the Department's decision to assess fees is vacated and the matter is remanded to the Department for a new hearing.

### O R D E R

AND NOW, this 21st day of December, 1999, the order of the Commonwealth of Pennsylvania, Department of Corrections dated February 9, 1999, is vacated and the matter is remanded to the Commonwealth of Pennsylvania, Department of Corrections for a new hearing.

Jurisdiction is relinquished.

Board of Medicine, 529 Pa. 535, 605 A.2d 1204 (1992). Contrary to this contention, however, there is no evidence that the hearing examiner was acting in a prosecutorial function during the hearing given that his only role was to hear the evidence presented by both sides as to the proper assessment figure.